# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2025 ND 153

State of North Dakota,                                    Plaintiff and Appellee

v.

Eric James Grewe,                                         Defendant and Appellant

### No. 20250010

Appeal from the District Court of Wells County, Southeast Judicial District, the Honorable James D. Hovey, Judge.

DISMISSED.

Opinion of the Court by Jensen, Chief Justice.

Oliver W. Bromke, State's Attorney, Fessenden, ND, for plaintiff and appellee; submitted on brief.

Eric James Grewe, Douglas, ND, defendant and appellant.

**Jensen, Chief Justice.**

[¶1]   Eric Grewe appeals from a judgment and an order denying a post-trial motion for judgment of acquittal brought pursuant to N.D.R.Crim.P. 29. We conclude we lack jurisdiction for the appeal from the judgment because Grewe failed to file a timely appeal from the judgment of conviction, and the order denying Rule 29, N.D.R.Crim.P., is not appealable. We dismiss the appeal.

I

[¶2]   On October 11, 2024, a jury convicted Grewe of one count of possession of a controlled substance (methamphetamine), one count of unlawful possession of drug paraphernalia (methamphetamine), and one count of driving under suspension. The judgment of conviction was entered on October 14, 2024. A notice of appeal was filed on January 8, 2025. The notice included "all associated orders and judgments."

[¶3]   Pursuant to N.D.R.App.P. 4(b)(1)(A), a notice of appeal from the judgment of conviction was required to be filed within 30 days of October 14, 2024. Grewe did not file a timely notice of appeal from the judgment of conviction, nor did he file a motion to extend the time to file a notice of appeal under Rule 4(b)(4), N.D.R.App.P. Grewe has not provided any citation to authority that would have otherwise extended the time for appeal. We conclude the appeal from the judgment was untimely.

II

[¶4]   On October 20, 2024, a non-lawyer claiming to represent an incarcerated individual filed a motion for judgment of acquittal on Grewe's behalf pursuant to N.D.R.Crim.P. 29(c). An order denying the motion was entered on December 31, 2024. Grewe's notice of appeal filed on January 8, 2025 included an appeal from the order denying the Rule 29(c) motion.

[¶5] "The right of appeal in this State is purely statutory and is a jurisdictional matter which we may consider sua sponte." *State v. Jenkins*, 339 N.W.2d 567, 568 (N.D. 1983). "The statutory authorization for appeals by the defendant to this Court in criminal matters is North Dakota Century Code § 29-28-06." *Id*. One of two touchstones for a valid appeal in a criminal case is "that there be a valid appeal from the judgment." *State v. Neset*, 216 N.W.2d 285, 286 (N.D. 1974) (cleaned up).

[¶6] In *Jenkins*, 339 N.W.2d at 568, we held that an appeal from an order denying a Rule 29 motion for judgment of acquittal is not authorized by N.D.C.C. § 29-28-06. We further held that such an appeal "would be reviewable as an issue if an appeal from the judgment of conviction or a verdict had been taken." *Jenkins*, at 568. Because Grewe failed to timely file an appeal from the judgment, and the order denying the Rule 29 motion is not appealable in the absence of an appeal from the judgment of conviction, we must dismiss the appeal from the order denying the Rule 29 motion.

III

[¶7] The appeal from the judgment was untimely. In the absence of an appeal from the judgment, the order denying the N.D.R.Crim.P. 29 motion for acquittal is not appealable. The appeal is dismissed.

[¶8]    Jon J. Jensen, C.J.
         Daniel J. Crothers
         Lisa Fair McEvers
         Jerod E. Tufte
         Douglas A. Bahr